Argued Jan. 4, decided Jan. 10, rehearing denied April 4, 1911.

## CALAPOOIA LUMBER CO. *v.* RICE.

[112 Pac. 530.]

ARBITRATION AND AWARD—AGREEMENT OF SUBMISSION—REVOCATION—OPERATION OF LAW.

An agreement between plaintiff and defendant to submit to arbitrators the amount of damage sustained by defendant from a dam to be erected by plaintiff, in case the parties could not agree upon the damage sustained after the dam was erected, was revoked by operation of law, by defendant's subsequent conveyance to another of the premises affected by the erection of the dam.

From Linn:  WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is a suit by the Calapooia Lumber Company, a corporation, against H. W. Rice, as administrator of the estate of James N. Rice, substituted for the said J. N. Rice, and George Finley.  The facts are as follows:

In 1903 plaintiff had in contemplation the erection of a sawmill on the Calapooia River and also a dam to be used in connection therewith.  It being apparent that the construction of the dam would cause to be overflowed certain lands owned by J. N. Rice and occupied by defendant Finley, as lessee, and it not being possible to ascertain the extent of such overflow and consequent damage until the dam should be completed, the parties entered into an agreement for future arbitration which, in effect, provided that plaintiff might proceed to erect its dam to any height it might see fit, and that when it should be completed and the exent of overflow actually demonstrated, the plaintiff should pay to defendants the damages caused thereby and the defendants should thereupon execute a deed, conveying to plaintiff the right to maintain the dam and cause such overflow; that in the event the parties should not agree as to the amount of damages, then each party should appoint a disinterested person, in writing, and these two should designate, in writing, a third person to act as arbitrator; and that upon their decision the plaintiff should pay the sum awarded and the defendants should thereupon make a deed conveying the right to maintain the dam.  There are other stipulations in the agreement not material to the decision of this case.  Subsequently, and before arbitrators were chosen, defendant Rice conveyed all his right, title, and interest in the premises to Ina Finley, wife of defendant George Finley, but this fact was unknown to plaintiff.  In 1907 George Finley wrote to plaintiff,

demanding that it appoint an arbitrator, and designating D. C. Swann as his agent and arbitrator. After some delay plaintiff selected John McKercher as his arbitrator and these two selected J. M. Taylor as the third, and they made an award of $2,000 damages in favor of defendants and directed that it should be paid to Ina Finley. The plaintiff refused to pay the award and an action to recover was brought by the defendants. A decree was rendered in favor of plaintiff, and defendants appeal.                                    AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. James K. Weatherford.*

For respondent there was a brief over the names of *Messrs. Hewitt & Sox,* with an oral argument by *Mr. Carlton E. Sox.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

Many reasons are urged by plaintiff for setting aside this award, which in the main seems to have been conducted in the informal manner common in such proceedings.

Without discussing all the objections urged against the validity of the award, we are of the opinion that the conveyance by Rice to Ina Finley operated as a revocation of the submission, and that the arbitrators were without power to act under the written agreement. Ina Finley was not bound by the written agreement to submit to arbitration, and Rice had voluntarily put it out of his power to perform his agreement to make a conveyance. Only the parties who sign the agreement of submission are bound by it. Practically this is an attempted arbitration between plaintiff on the one hand, and Rice and Finley, and Ina Finley, who is a stranger to the agreement, on the other. The agreement of submission was revoked by operation of law when Rice con-

veyed the premises.    Billings, Awards, p. 20;   *Smith* v.
*Reeves*, 5 Dowl. Pr. C. 513.

The decree of the circuit court is affirmed.

AFFIRMED.